IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANITA BOYLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:17cv282-WKW ) |
| MONTGOMERY COUNTRY CLUB, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On November 9, 2018, the Magistrate Judge filed a Recommendation (Doc. # 32) that Defendant's motion for summary judgment (Doc. # 16) be denied. Defendant timely objected to the Recommendation. (Doc. # 34.) Upon an independent and *de novo* review of the record and Recommendation, *see* 28 U.S.C. § 636, the objections to the Recommendation are due to be overruled, the Recommendation is due to be adopted, and the motion for summary judgment is due to be denied.

The Recommendation devotes five pages to the background and facts of this suit for discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634. (Doc. # 32, at 3–8). Those five pages will not be repeated here. Defendant's objections mostly repeat arguments from its motion for summary judgment and its brief in reply to Plaintiff's opposition to that motion.

(Docs. # 16, 24.) Defendant objects to the Recommendation, alleging Plaintiff did not establish a prima facie case of age discrimination or demonstrate that Defendant's asserted reason for Plaintiff's termination, *i.e.*, a reduction in force, was a pretext for discrimination. (Doc. # 34, at 16.) The Recommendation correctly resolved these issues in Plaintiff's favor for purposes of summary judgment.

The Magistrate Judge appropriately used the analytical framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to evaluate whether the circumstantial evidence raised a genuine dispute of material fact as to Plaintiff's age discrimination claim. *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1270 (11th Cir. 2014) ("Where . . . a plaintiff proffers circumstantial evidence to establish an ADEA claim, we apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green* . . . ."). Defendant argues, however, that the Magistrate Judge used the wrong formulation of the *McDonnell Douglas* prima facie test and misconstrued the evidence. These arguments are not persuasive.

To establish a prima facie case of age discrimination under *McDonnell Douglas*, a plaintiff generally must establish that [s]he was replaced by a younger person. This is the prima facie case test the Magistrate Judge quoted and applied from *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1046 (11th Cir.

1989). (Doc. # 32, at 11.) However, as the *Verbraeken* court also recognized, an employee who loses his or her job because of a reduction in force ("RIF") can instead produce evidence "by which a factfinder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue." *Verbraeken*, 881 F.3d at 1046. Because Defendant says that it merely shifted Plaintiff's duties temporarily to Raquel Townsend pursuant to a legitimate RIF, it contends that the Magistrate Judge should have employed this version of the prima facie case test.

In *Mazzeo*, the Eleventh Circuit grappled with whether to apply the "standard version or the RIF version of the ADEA prima facie case" to the plaintiff's claim. 746 F.3d at 1271. It concluded that which version of the prima facie case applies "depends on [the plaintiff's] ability to present sufficient evidence that [s]he was replaced by a younger individual." *Id.*

The Magistrate Judge concluded that, viewed in the light most favorable to Plaintiff, the evidence infers that Townsend, a "much-younger and less-experienced" employee, "replaced" Plaintiff as the special events director within the food and beverage department and that "another person was hired to be Townsend's assistant." (Doc. # 32, at 11.) Contrary to Defendant's argument, the summary judgment record provides ample evidentiary support for this finding as the following time line reveals. On October 26, 2015, Defendant approved a salary

increase for Plaintiff's assistant, Townsend, to $46,000, which fell just $500 short of Plaintiff's salary at the time. (Lee Dep., at 79–81 (Doc. # 21-3, at 21).) Eight days later, on November 3, 2015, Plaintiff was terminated. (Termination Letter (Doc. # 21-2, at 80).) When Plaintiff inquired about who would do her job, Plaintiff's supervisor told her that Townsend would assume Plaintiff's responsibilities and that he would assist Townsend. (Boyle Dep., at 203 (Doc. # 21-2, at 51); Lee Dep., at 85, 96 (Doc. # 21-3, at 25).) However, the same month, on November 27, 2015, an individual applied to work for Defendant after hearing from a friend that there was an open position, and this individual was hired to assist Townsend. (Lee Dep., at 86–90 (Doc. # 21-3, at 23–24) (Ex. 4 to Pl.'s Evidence).) This evidence, in conjunction with Defendant's concession that the other elements of the prima facie case test are met, "permit[s] an inference of [age] discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) ("[D]emonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination.").

Defendant next objects to the Recommendation on the ground that Plaintiff failed to establish that Defendant's reason for eliminating Plaintiff's position was a pretext for age discrimination. But its arguments leave no reason to disturb the Magistrate Judge's findings:

> [I]n a light favorable to [Plaintiff], she has presented sufficient evidence that would allow a reasonable juror to find that

> [Defendant's] asserted reason for terminating her was pretextual. The evidence shows [Plaintiff] had success in her special events position, far exceeding anticipated sales. This, coupled with [her supervisor's] negative comments about her age and his replacing [Plaintiff] with the younger, less-experienced [former assistant,] creates a factual issue as to whether the stated reason was a pretext. Further, [Defendant's] claim of 'eliminating' a position to reduce overhead rings hollow when a month later [Defendant] hires an assistant for [Plaintiff's former assistant that had assumed Plaintiff's duties].

(Doc. # 32, at 12.) These facts are all appropriate considerations for the pretext analysis and suffice to create a triable issue as to Defendant's discriminatory intent. *See*, *e.g., Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004) ("The evidence of pretext may include . . . the same evidence offered initially to establish the prima facie case.") (Cleaned up); *Steger v. General Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003) ("A decision maker's discriminatory comment which may not qualify as direct evidence of discrimination may constitute circumstantial evidence which could assist a jury in disbelieving the employer's proffered reasons for the adverse action.").

Finally, citing *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), Defendant claims the Magistrate Judge "fails to address whether [Plaintiff] adequately established that her age was the 'but-for' cause of her adverse employment action." (Doc. # 34, at 10 (citing *Gross*, 557 U.S. at 175 ("To establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse

decision.").) However, the Magistrate Judge correctly adhered to the law of this circuit in finding a triable issue of fact based upon his application of the *McDonnell Douglas* framework. *See Mazzeo*, 746 F.3d at 1270 (observing that in *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332–33 (11th Cir. 2013), the court explained why the *McDonnell Douglas* "burden-shifting framework for circumstantial evidence remains consistent with the Supreme Court's decision in *Gross*"); *see also Ostrow v. GlobeCast Am. Inc.*, 489 F. App'x 433, 436 (11th Cir. 2012) ("[I]n light of *Gross*, we apply the *McDonnell Douglas* framework to determine whether [the plaintiff] presented sufficient evidence that age was the 'but for' cause of [the employer's] decision not to renew his employment contract.").

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 32) is ADOPTED;

2. Defendant's objections (Doc. # 34) are OVERRULED;

3. Defendant's Motion for Summary Judgment (Doc. # 16) is DENIED.

DONE this 18th day of December, 2018.

                                                      /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE